UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FINECOUNTRY, LIZZY SERENISSIMO LTD & LINNEF NIGERIA LTD<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>M.T. TRADING & BANK OF AMERICA,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 13-2424 (KM)<br><br>MEMORANDUM OPINION AND ORDER |

**MCNULTY**, District Judge

　　This matter comes before the Court upon Plaintiffs' application for a Preliminary Injunction and Temporary Restraining Order preventing M.T. Trading from withdrawing $68,346.50 electronically transferred by Plaintiffs to a Bank of America account allegedly owned and operated by M.T. Trading, and returning that sum to Plaintiffs. *See* Fed. R. Civ. P. 65.

　　A temporary restraining order or preliminary injunction requires, at a minimum, some showing of likelihood of success on the merits. The Complaint was probably hastily drawn, for understandable reasons, but it is fatally flawed. It does not specify the legal theory upon which Plaintiffs seek to recover (although a claim of fraud or conversion might be inferred). It plainly does not attempt to state a claim arising under the Constitution or laws of the United States.

　　Paragraph four (4) of the Complaint asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. That statute provides that district courts shall have jurisdiction over civil actions between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs." The complaint alleges that the parties are diverse. The complaint and the accompanying affidavits very clearly state, however, that the entire relief sought is that the court freeze the sum of $68,346.50, currently on deposit, and ultimately return it to the Plaintiffs. It is evident from the face of the Complaint and other papers submitted that Plaintiffs have not alleged a dollar amount in controversy sufficient to invoke this Court's jurisdiction. Consequently, there is no possibility of success on the merits and I cannot grant temporary injunctive relief, or any other relief.

Assuming the truth of the allegations, I am sympathetic with Plaintiffs' position, and it would probably be prudent to seek similar relief in a state court of competent jurisdiction.

Accordingly, **IT IS** this 16th day of April, 2013,

**ORDERED** that Plaintiffs' Motion for a Preliminary Injunction and Temporary Restraining Order is **DENIED**.

/s/ Kevin McNulty
HON. KEVIN MCNULTY
United States District Judge